## WEENINK & SONS CO v WELDY

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9855. Decided September 16, 1929

Arthur P. Gustafson, Cleveland, for Weenink & Sons Co.

Carl D. Aigner and F. D. Bishop, Cleveland, for Weldy.

**SULLIVAN, J.**

Our interpretation of the language of the mortgage precludes any reference on the part of this language to computations on defaulted interest because no interest had been paid and reference could only be had by the use of this language, to the principal named in the notes. If the mortgage so read that it referred to overdue interest then we think there would be some ground for the holding of the court below because there was no provision in the notes as to any payment excepting six percent for defaulted interest and it might reasonably be said from the record that the language of the mortgage having reference only to interest was not repugnant to any clause or provision contained in the notes.

It is impossible to exclude the importance of the notes from the transaction even though the suit is upon foreclosure of the mortgage because if the notes had been disposed of certainly upon suit there could be no recovery for more than six percent notwithstanding the clause in the mortgage for eight percent because figuring it at eight percent would produce an amount that was more than a computation of the interest on the principal of the notes warranted or demanded. In order to recover for more than the amount of interest named in the notes it would not only have to be shown that the transaction was simultaneous but that no situation arose that would make the notes repugnant to the mortgage on such a vital proposition as the rate of interest. The mortgage was the security for the indebtedness. The indebtedness consisted of notes and the total amount due thereon would have to be figured according to the contents of the notes unless it would appear that the transaction was one in entirety and that the parties agreed to the opposing terms but even then it is our judgment that the figuration could not be at eight percent because of the aforesaid repugnance. A reasonable construction of the clause in the mortgage referring to 8% is that the person who drafted it used the term "overdue payments" when from the circumstances in the case it referred to principal instead of interest and it is clearly as reasonable to conclude that when the language "overdue payments" was used, by an error of expression, the word "interest" was not included and if it had been, the notes and mortgage might have been considered harmonious and the clause in the mortgage as to eight percent on defaulted interest instead of payments would probably be enforceable although we do not pass upon this question excepting by way of obiter dictum at this time.

We think a case that applies to our views of the situation is **McClelland v. Bishop, 42 OS. 113.**

Thus holding the judgment of the lower court is modified and judgment will be entered as modified on the ground that the judgment is excessive under the figuration of the rate of interest inserted in the mortgage.

Vickery, PJ, and Levine, J, concur.